JOHN P. DUFF v. A. Y. BAYNE and Others.[1]

July 29, 1910.

Nos. 16,648—(200).

**New trial properly granted.**
    The trial court did not err in granting a new trial in this a personal injury action after a directed verdict for the defendants.

Action in the district court for Hennepin county to recover $15,-000 damages sustained while in the employ of defendants in the construction of a bridge. The facts are stated in the opinion. The answer was a general denial, and alleged the negligence of plaintiff. The case was tried before Dickinson, J., who directed a verdict in favor of defendants. From an order granting plaintiff's motion for a new trial, defendants appealed. Affirmed.

*Boutelle & Chase* and *Arthur M. Higgins,* for appellants.
*Larrabee & Davies* and *Russell L. Moore,* for respondent.

[1]Reported in 127 N. W. 385.

START, C. J.

On December 8, 1908, the defendants Bayne and Hewitt, hereafter referred to as the defendants, were engaged in the erection of a bridge over the river at Fort Snelling. The plaintiff was in their employ, and on the day named, while assisting in the erection of the false work or scaffolding from the bed of the river up to the point where the bridge proper was to be built, a distance of some one hundred feet, he was struck by a large beam, which was being hoisted, and seriously injured. He brought this action in the district court of the county of Hennepin to recover from the defendants damages on the alleged ground that his injury was caused by their negligence. The defendants, on the trial of the action and at the close of the plaintiff's evidence, moved the court to direct a verdict in their favor, on the ground that upon all the evidence introduced the plaintiff had failed to show facts which would entitle him to recover. The court granted the motion and directed a verdict accordingly. Thereupon the plaintiff moved for a new trial, and the court made its order granting it, from which the defendants appealed.

The question, then, is whether there was any evidence reasonably tending to show that the plaintiff was injured by reason of actionable negligence of the defendants.

The complaint alleged special acts of negligence, and, further, that the plaintiff was injured by the negligence of the defendants and of their foreman. The record discloses evidence tending to show that the work of erecting the false work upon which the plaintiff was injured was in charge of a foreman with a crew of fifteen men; that the work of construction was of such magnitude and danger, and the position assigned to the plaintiff in which to work was so hazardous, without some system of signals and warnings when the beams were about to be hoisted or lowered to their place on the top of the work, as to justify the submission to the jury of the question whether the defendants, in the exercise of ordinary care for the safety of their employees, ought not to have provided for the giving of such signals and warnings; that the foreman undertook the duty of giving such signals, but as to whether he did so by the express direction of the defendants there is no evidence; and, further, that the foreman was

negligent in giving such signals, which caused the beam to swing to the place where the plaintiff was standing, before the plaintiff had called to the foreman to let it down to its place on the top of the work, as was the custom, whereby he was struck by the beam and injured. If the case had been submitted to the jury, and they had found the facts indicated, the conclusion would follow as a matter of law that the foreman, in giving the necessary signals and warnings, was a vice principal, and his negligence in the premises would have been that of the defendants. Anderson v. Pittsburgh Coal Co., 108 Minn. 455, 122 N. W. 794.

It must be conceded that the evidence tending to show the facts indicated is not clear and direct in some particulars, but upon a consideration of the whole record we are of the opinion that the trial court did not err in granting the plaintiff a new trial. In reaching this conclusion we have not overlooked the claim urged by the defendants that the evidence does not tend to show the specific acts of negligence alleged in the complaint; but, liberally construed, we are of the opinion that the general allegation of negligence to which we have referred is sufficient to warrant the action of the trial court.

Order affirmed.